UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN DUANE COOK,<br><br>Petitioner,<br><br>vs.<br><br>ANDREW SAUL,[1] Commissioner of Social Security,<br><br>Respondent. | Case No.: 2:19-cv-00020-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Shawn Duane Cook's Petition for Review (Dkt. 1), appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits and supplemental security income. *See* Pet. for Review (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On August 21, 2015, Petitioner Shawn Duane Cook ("Petitioner") protectively applied for Title II disability and disability insurance benefits and for Title XVI supplemental security income. (AR 15.) Petitioner alleged disability beginning May 7, 2015. (*Id.*) His claims were denied initially on October 2, 2015 and then again on reconsideration on December 3, 2015.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted in as the Respondent in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER – 1**

(*Id.*) On December 23, 2015, Petitioner timely filed a written request for hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Petitioner testified at a hearing held on February 1, 2017 in Spokane, Washington, as did impartial medical expert Robert Thompson, M.D., and impartial vocational expert Sharon Welter. (*Id.*) The hearing was continued in order to obtain a consultative physical examination, after which a supplemental hearing was held September 7, 2017, in Spokane, Washington. (*Id.*) Petitioner and impartial vocational expert Anne Jones appeared and testified at the supplemental hearing. (*Id.*)

On February 22, 2018, ALJ Lori L. Freund issued a decision denying Petitioner's claim, finding that Petitioner was not disabled within the meaning of the Social Security Act during the period from his alleged onset date through the date of the decision. (AR 27.) Petitioner timely requested review from the Appeals Council on March 19, 2018. (AR 278). On November 28, 2018, the Appeals Council denied Petitioner's Request for Review, making the ALJ decision the final decision of the Commissioner of Social Security. (AR 1.)

Having exhausted administrative remedies, Petitioner filed this case. He contends that "[t]he conclusions and findings of fact of the [Respondent] are not supported by substantial evidence and are contrary to law and regulation." Pet. for Review 1 (Dkt. 1). Petitioner argues that the ALJ erred by classifying Petitioner's RFC as "light" rather than "sedentary" and that the ALJ erred by applying the "grid rules" with the "light" exertional level. *See generally* Pet'r's Mem. (Dkt. 13). Petitioner asks that the case be reversed and remanded for an immediate award of benefits. *Id.* at 9.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th

**MEMORANDUM DECISION AND ORDER – 2**

Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance (*Trevizo*, 871 F.3d at 674), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative

decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

#### A. Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner did not engage in substantial gainful activity during the period from his alleged onset date of May 7, 2015 through the date of the ALJ's decision. (AR 17.)

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits

an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that, as of the date of her decision, Petitioner had the following severe impairments: "bilateral fractures of the calcaneus, status-post surgery; and osteoarthritis of the distal interphalangeal joints." (AR 18.)

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, his claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ found that Petitioner did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 20–21.)

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years or 15 years prior to the date that disability must be

established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ found that Petitioner had the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry up to 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8-hour workday; stand up to 10 minutes at a time and walk for 5 minutes at a time, for a total of 2 hours standing/walking in an 8-hour workday. The claimant requires a brief sit/stand option every 30 minutes—meaning standing 1 or 2 minutes without leaving the workstation. The claimant is limited to rare operation of foot controls bilaterally (rare is defined as no more than 1/3 of the workday); no climbing of ladders, ropes or scaffolds; no crouching; occasional crawling, kneeling, stooping and balancing; occasional climbing of ramps and up to one flight of stairs with the use of a handrail; avoid even moderate exposure to extreme cold or extreme heat; avoid concentrated exposure to wetness, humidity, and airborne irritants such as fumes, gases, etc.; and avoid all exposure to excessive vibration, unprotected heights, hazardous machinery and operational control of moving machinery (other than that of an automobile).

(AR 22.) Based on this RFC, the ALJ further found that Petitioner was not capable of performing any past relevant work. (AR 25.)

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

Here, the ALJ found that Petitioner's RFC is compatible with work as an "office helper," "cashier II," "document preparer," "charge account clerk," and "bench hand." (AR 27.) The ALJ further found that these jobs exist in significant numbers in the national economy. (*Id.*)

Based on the finding that Petitioner could perform jobs that exist in significant numbers in the national economy, the ALJ ultimately concluded that Petitioner was "has not been under a disability, as defined in the Social Security Act," from the alleged onset date through the date of the ALJ's decision. (AR 27.)

**B.     Analysis**

Petitioner raises two primary issues with the challenged decision. First, he argues the ALJ erred by finding he had the capacity to perform "light" work despite also finding specific exertional limitations inconsistent with light work. Second, he argues the ALJ erred by applying the "grid rules" with the wrong exertional level. *See generally* Pet'r's Mem. (Dkt. 13). Each argument will be addressed in turn.

   **1.  The ALJ Did Not Err in Finding Petitioner Was Limited to Light Work.**

Petitioner contends the ALJ erred by finding he had the physical capacity to perform light work, as defined by Social Security regulations, but then making specific exertional findings which are incompatible with light work. Pet'r's Mem. 4–7 (Dkt. 13.) He argues the ALJ's findings support, instead, the maximum exertional requirements needed to perform sedentary work.

> "Sedentary work" and "light work" are each defined by agency regulations:
>
> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all

of these activities. If someone can do light work, we determine that he or she can
also do sedentary work, unless there are additional limiting factors such as loss of
fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567, 416.927.

Petitioner focuses on the definitional language of light work that says a claimant "must have the ability to do substantially all of [the] activities" listed in the definition to be found capable of light work. The ALJ's RFC assessment includes a limitation of "a total of 2 hours standing/walking in an 8-hour workday," which Petitioner argues is incompatible with a capability of light work because he does not have the "ability to do substantially all of the activities required of light work."

Petitioner fails to persuade, however, because he overlooks two key parts of the definition of light work. First, the definition provides that a job is in the light work category "when it requires a good deal of walking or standing, *or* when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567, 416.967 (emphasis added). Thus, the definition plainly describes that some jobs in the category of light work do not require much walking or standing.

Second, the clause "you must have the ability to do substantially all of these activities" is qualified by the earlier clause, "[t]o be considered capable of performing a full or wide range of light work." *Id.* That is, whether a claimant can do substantially all the activities in the definition of light work is not the standard applicable in every case where light work is at issue. Rather, it is the standard only when assessing whether a claimant can perform "a full or wide range of light work." *Id.* This is not such a case, as the ALJ's decision makes clear. Far from finding Petitioner capable of a full or wide range of light work, the ALJ limited him to light work with numerous additional exertional limitations. (AR 22.) She explained that "[i]f the claimant

had the residual functional capacity to perform the full range of light work … a finding of 'not disabled' would be directed" by applicable regulations. (AR 26.) She also expressly stated that "the claimant's ability to perform all or substantially all of the requirements of [light] work has been impeded by additional limitations." (AR 27.)

Moreover, in addition to the ALJ's express RFC finding, she separately emphasized that the RFC she assessed "falls between sedentary and light level work." (AR 26.) She stated that she "asked the vocational expert whether she would classify the above-identified residual functional capacity as sedentary or light, and she responded that she would classify it as light exertional level." (AR 27.) The ALJ concurred, and she classified Petitioner's RFC at the "light work" level. (*Id.*) Petitioner does not challenge the vocational expert's qualifications or testimony.

Respondent contends that the ALJ decision-making process was consistent with agency guidance and caselaw. Per SSR 83-12, "[i]n situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [vocational specialist] assistance is advisable for these types of cases." 1983 WL 31253 at *3 (Jan. 1, 1983). Moreover, "[w]hen a claimant suffers from both exertional and non-exertional limitations, the grids are only a framework and a [vocational expert] must be consulted." *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000). In *Moore*, the court held that the ALJ in the case "did exactly what the caselaw and SSR 83-12 direct him to do – he consulted a [vocational expert]." *Id.* Here, after the ALJ identified Petitioner's RFC as falling between

**MEMORANDUM DECISION AND ORDER – 9**

sedentary and light work, she inquired of the vocational expert, considered her input, and ultimately agreed with her.

Thus, the ALJ did not find that Petitioner was capable of all or substantially all the activities necessary for the full range of light work. But the definition of light work does not preclude finding a claimant capable of light work in such circumstances. Rather, the definition expressly contemplates that some jobs constitute "light work" even if they "involve[] sitting most of the time …" rather than "a good deal of walking or standing."

Moreover, the RFC assembled by the ALJ for Petitioner parallels portions of the light work definition. Consistent with the defined limits of light work, the ALJ found Petitioner capable of lifting or carrying up to 20 pounds occasionally and 10 pounds frequently. Such limitations exceed the definition for sedentary work, which provides for lifting no more than 10 pounds at a time and occasional lifting of lighter articles.

Petitioner, however, quotes SSR 83-10 for the proposition that "a job is in [the light work] category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs." Pet'r's Mem. 5–6 (Dkt. 13) (quoting SSR 83-10, 1983 WL 31251 at *5 (Jan. 1, 1983)). However, the sentence that follows the quoted language addresses jobs that do not require walking or standing but nonetheless constitute light work: "A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." SSR 83-10 at *5. SSR 83-10 thus mirrors the agency definition of light work: "a job is in [the light work] category when it requires a good deal of walking or standing, _or_ when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567, 416.967 (emphasis added). Petitioner's argument is flawed in that it presupposes a

**MEMORANDUM DECISION AND ORDER – 10**

claimant must be capable of "a good deal of walking or standing." This is simply not accurate, as shown.

The Court is not persuaded that the ALJ erred by finding Petitioner capable of light work with additional exceptions. The petition will be denied on this issue.

**2. The ALJ Did Not Err in Applying the "Grid Rules" with the Light Exertional Level.**

Next, Petitioner contends the ALJ erred when evaluating whether a finding of disability was compelled by application of the Medical-Vocational Rules (the "Grid Rules"). Pet'r's Mem. 7–9 (Dkt. 13). These rules "consist of a matrix of the four factors identified by Congress— physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform." *Heckler v. Campbell*, 461 U.S. 458, 461–462 (1983) (footnotes omitted). That is, for some combinations of RFC, age, education, and work history, Social Security regulations direct whether the claimant is disabled or not disabled. *See* 20 C.F.R. Part 404, Subpart P, App. 2; 20 C.F.R. §§ 404.1569, 416.969. If a claimant's combination of such factors does not correspond to an entry in the grid rules, or if the corresponding entry does not direct a finding on disability one way or the other, the ALJ must independently consider and decide whether the claimant is disabled.

In this case, the ALJ applied the Grid Rules based on her finding that Petitioner was capable of light work. The rules did not direct a finding either way, so she analyzed the issue herself and ultimately found that Petitioner was not disabled. Petitioner argues that the ALJ should have applied the Grid Rules with an RFC of sedentary work rather than light work. Such

error would not be harmless, Petitioner contends, because if he were limited to sedentary work the Grid Rules would direct a finding of "disabled." He argues that "[t]he wrong conclusion was reached when consideration was made only at the light exertional level, instead of the stated sedentary maximum exertional capacity."

The Court is not persuaded by this argument because it merely repeats his prior argument: he disagrees with the ALJ's finding that he is capable of light work. If he had prevailed on the first issue raised by his petition, he would necessarily also prevail on this issue. But his argument on this issue offers no basis for overturning the ALJ's "light work" finding and he does not explain why he thinks this is a separate error. Petitioner's petition will be denied as to this issue.

## IV. <u>CONCLUSION</u>

Petitioner has not shown that the ALJ committed reversible legal error by finding that Petitioner has the RFC to perform light work or by applying the Grid Rules based on a "light work" exertional level. Accordingly, the ALJ's decision is supported by substantial evidence and it will be upheld. Petitioner's Petition for Review will be denied.

## V. <u>ORDER</u>

Based on the foregoing, Petitioner's Petition for Review (Dkt. 1) is **DENIED,** the decision of the Commissioner is **AFFIRMED,** and this action is **DISMISSED** in its entirety, with prejudice.

DATED: November 18, 2019

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 12**